### FARRINGTON v. CITY OF MT. VERNON.

(Supreme Court, Appellate Division, Second Department. May 29, 1900.)

MUNICIPAL CORPORATIONS— STREET IMPROVEMENT — ASSESSMENT DISTRICT— PROPERTY INCLUDED.

> A street improved under a city ordinance extended north and south, and was intersected but not crossed by F. street on the west and by P. street on the east, both streets terminating opposite each other at the intersection of the street improved. The resolution required the improvement of N. street "from the north side of P. street to the northerly city line," and the resolution fixing the assessment district for such improvement included "all lots, pieces, and parcels of the land fronting and abutting on N. street, from the north side of P. street to the northerly city line." *Held*, that the reference to the north side of P. street as the starting point of the improvement was merely to fix the southern limit thereof, and not to confine the assessment to the easterly side of N. street, and that an owner of lots on the west side of N. street, fronting on the improvement, not having opposed the same until after the assessment was levied, was not entitled to exemption from liability on the ground that as his lots fronted on N. street, but were north of F. street instead of P. street, they were not within the assessment district as fixed by the resolution.

Appeal from judgment on report of referee.

Action by Charles H. Farrington against the City of Mt. Vernon for the vacation of a street assessment. From a judgment in favor of plaintiff entered on a referee's report, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

William J. Marshall, for appellant.
Milo J. White, for respondent.

WOODWARD, J. The defendant, the city of Mt. Vernon, acting under the provisions of sections 180–186 of chapter 182 of the Laws of 1892, on the 21st day of September, 1897, adopted, by its common council, a resolution in language as follows:

> "Resolved, that the commissioner of public works be, and he hereby is, directed to prepare accurate plans and specifications for the work of regulating, re-regulating, grading, and macadamizing (16 feet wide) North Fourth avenue, from the north side of Primrose avenue to the northerly city line."

On the 5th day of October, 1897, the plans and specifications made in pursuance of the above resolution were approved and adopted by a resolution duly passed, which also provided, in accord with the provisions of the statute, that the district of assessment, beyond which the assessment for such improvement shall not extend, "be, and the same is hereby, fixed by this board, and is as follows: All lots, pieces, or parcels of land fronting or abutting on said North Fourth avenue from the north side of Primrose avenue to the northerly city

line." Proposals for the performance of this work were advertised for, a contract was let, and the work was carried forward to completion. The assessors of the city of Mt. Vernon, acting under the direction of the common council, prepared an assessment roll or list for the cost of the improvement, and laid an assessment upon the several lots of the plaintiff on the westerly side of North Fourth avenue. This assessment, after notice of review, was confirmed by the common council on the 15th day of November, 1898. This action was brought for the purpose of vacating the plaintiff's assessment for the improvement of North Fourth avenue from the north side of Primrose avenue to the northerly city line, upon the ground that the property of the plaintiff was not embraced in the assessment district fixed by the resolution of the common council. Upon the trial the learned referee found in favor of the plaintiff, and from the judgment entered this appeal is taken, exceptions being filed to the findings of fact and conclusions of law involved.

North Fourth avenue, at the point involved in this litigation, extends nearly south from the northerly city line, with a slight inclination eastward from the point where Fleetwood avenue intersects, without crossing, on the west. Primrose avenue intersects North Fourth avenue from the east, the street ending at the east line of North Fourth avenue. The theory of the action, supported by the findings and conclusions of the referee, is that, as the property of the plaintiff is on the west side of North Fourth avenue, it cannot be included in the assessment district of the lots, pieces, or parcels of land fronting or abutting on said North Fourth avenue from the north side of Primrose avenue to the northerly city line, because the north side of Primrose avenue does not extend to the west side of North Fourth avenue. If this construction is allowed to stand, the plaintiff, who has stood by and watched the progress of this improvement in front of his property for a year or more without making any protest or appearing upon the grievance day appointed, will be allowed to shift all of the burden upon his neighbors on the opposite side of the street, or the community at large, while enjoying all of the benefits of the expenditure of money. This is so contrary to the spirit of the law that, unless such a construction is absolutely essential, it will not be given the sanction of this court. As we look at the question, it would appear that the learned referee has given too great prominence to the rule which requires a strict construction of resolutions and statutes of this character, and too little attention to that rule which requires the court to give heed to the intention of the body adopting the resolution or statute. The charter of the defendant gives to the common council the power to do the work involved in this improvement, and to assess the cost, or some portion of it, upon the property benefited. It will be assumed that the grading and macadamizing of a highway is a public improvement, which, by common consent, has been held to confer benefits upon the owners of abutting property, and when the common council of the defendant passed the resolution to regulate, re-regulate, grade, and macadamize North Fourth avenue, and to assess the cost of the same upon "all lots, pieces, or parcels of land fronting or abutting on said North

Fourth avenue from the north side of Primrose avenue to the northerly city line," it had in contemplation the improvement of the highway from a given point north, and the assessment of the cost upon all the lots or parcels of land fronting or abutting upon North Fourth avenue from the point where the work of improvement began to the point where it was finished. All that was intended by the reference to the north line of Primrose avenue was to fix the southern limit of the improvement, and not to confine the assessment for the improvement to the easterly side of the avenue, which would have the effect of forcing the people on one side of a public highway to pay all of the cost of a work which was designed for the benefit of the community in general, and the owners of abutting property in particular. The law is not to be construed to work a wrong where it may be construed in such a manner as to promote justice and equity, and there is no more reason for holding that the cost of this improvement is improperly assessed under the resolutions of the common council than there would have been if that body had fixed a point in the center of North Fourth avenue, opposite the termination of the north side of Primrose avenue, instead of the north line of that avenue. If the resolution had read, "all lots, pieces, or parcels of land fronting or abutting on said North Fourth avenue from the north side of a stake or monument in North Fourth avenue at a point 1,000 feet from the northerly city line," no one would have thought of limiting the assessment district because that stake happened to be east of the center of the highway, and there is no more reason in the proposition to limit it to the abutting property on the east side because Primrose avenue does not cross the improved highway. The plaintiff's property being within the assessment district, and he having acquiesced in the work, by which we must assume his property has been benefited to the extent of the cost of the improvement, it would be an injustice to permit this judgment to stand. The judgment appealed from should be reversed.

Judgment reversed and new trial granted, costs to abide the final award of costs. All concur.